| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO. |
| | ) | |
| MOUNT VERNON SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | Cause No.:  1:23-cv-393 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TREVOR WAYNE SIMS, | ) | |
| SIMS INVESTMENTS, LLC, | ) | |
| JOHN SONLEY, | ) | |
| JPSONLEY INVESTMENTS, INC., and | ) | |
| JACKSON COUNTY BANK | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR INTERPLEADER

COMES NOW Plaintiff, Mount Vernon Specialty Insurance Company, by and through the undersigned counsel, and pursuant to Indiana Rule of Trial Procedure 22, hereby states the following as their Petition for Interpleader:

## PARTIES

1. Plaintiff and stakeholder Mount Vernon Specialty Insurance Company (hereinafter "Mount Vernon") is an insurance company organized under the laws of Pennsylvania with its principle place of business in Lincoln Nebraska and authorized to engage in the insurance business in the State of Indiana.

2. Upon information and belief, Trevor Sims is an individual residing in Johnson County, Indiana. At all times relevant to this action, Trevor Sims held an interest in the Longacre Bar and Grill property buyer and was the registered agent for Defendant and claimant Sims Investments, LLC.

3.      Defendant and claimant Sims Investments, LLC ("Sims Investments") is a limited liability company organized under the laws of Indiana. At all times relevant to this action, Sims Investments held an interest in the Longacre Bar and Grill property as named insured on a certain insurance policy issued by Mount Vernon.

4.      Upon information and belief, Defendant and claimant John Sonley ("Sonley") is an individual residing in Marion County, Indiana. At all times relevant to this action, Sonley held an interest in the Longacre Bar and Grill property as owner and/or seller and/or lessor.

5.      Defendant and claimant JPSonley Investments, Inc., ("JPSonley Investments") is a for-profit corporation organized under the laws of Indiana. At all times relevant to this action, JPSonley Investments held an interest in the Longacre Bar and Grill property as owner and/or seller and/or lessor.

6.      Defendant and claimant Jackson County Bank is a for-profit corporation organized under the laws of Indiana. At all times relevant to this action, Jackson County Bank held an interest in the Longacre Bar and Grill property as JPSonley's mortgagee.

## NATURE OF THE CONTROVERSY

7.      Mount Vernon hereby reasserts, restates, and reincorporates paragraphs one (1) through seven (7) as if fully set forth herein.

8.      On October 22, 2020, Trevor Sims and JP Sonley Investments entered into an Agreement for sale of the Longacre Bar and Grill ("the Longacre property"). A true and accurate copy of the Agreement is attached hereto as Exhibit 1.

9.      The Agreement specified that Sims would make monthly installment payments for the purchase of the Longacre property and its assets from JPSonley Investments.

10. The total agreed-upon purchase price of the Longacre property was $590,000.00.

11. Section 10 of the Agreement also included varying conditions associated with the monthly installment payments by Sims, including Sims's purchase of insurance on all assets sold and to include JPSonley Investments and/or John Sonley as a named insured on all such insurance.

12. Section 11 of the Agreement further required Sims to insure JPSonley Investments and/or John Sonley for liability.

13. Both Trevor Sims and John Sonley signed the Agreement below the typed portion of the Agreement, including both Sections 10 and 11.

14. However, beneath the typed portion of the Agreement is a handwritten addendum, which includes in relevant part:

> "In the event of complete or partial loss to the property at 4813 S. Madison Ave. Both parties involved will be compensated for their loss due to the % of ownership at said time" [sic].

15. Only John Sonley signed below said addendum; Trever Sims's signature block is blank.

16. On February 15, 2021, Mount Vernon issued Sims Investments an insurance Policy, policy number CP 2643249 ("the Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit 2.

17. The Policy provided Sims Investments, as named insured, with coverages for Commercial Liability, Commercial Property, and Liquor Liability.

18. However, despite the Agreement requiring Sims to add JPSonley Investments and/or John Sonley as an "Additional Insured" for both property and liability coverages until Sims paid the Longacre property's full purchase price, JPSonley Investments and Jackson County Bank were only listed as additional insureds for liability (both Commercial and Liquor). The policy's

Commercial Property coverage does not list JPSonley Investments, John Sonley, or Jackson County Bank as additional insureds.

19. On March 22, 2021, while said Policy was in full force and effect, the Longacre property suffered an electrical fire resulting in a significant loss.

20. Trevor Sims reported the loss to Mount Vernon, and Mount Vernon accepted liability for the property damage following an investigation.

21. Mount Vernon does not dispute coverage for the fire at the Longacre property.

22. To date, Mount Vernon has made payments on the claim in the amount of $102,587.17. Specifically:

    a. $35,000.00 in building advance payments;

    b. $57,787.17 in supplemental building payments; and,

    c. $10,000.00 in business personal property advance payments.

23. All payments have been issued via check jointly to Sims, JPSonley, and Jackson County Bank.

24. Additionally, Mount Vernon is prepared to issue $236,000.31 in supplemental actual cash value payments per the Policy's terms and coverages. Specifically:

    a. $167,307.71 in building coverage payments; and,

    b. $68,692.60 in building personal property coverage payments.

25. Moreover, Mount Vernon acknowledges the availability of $221,411.52 in recoverable depreciation per the Policy's terms and coverages. These funds will be available once repairs to the Longacre and its attendant business personal property are completed. Specifically:

    a. $140,105.12 in recoverable depreciation for building coverage; and,

   b. $81,307.40 in recoverable depreciation for building personal property coverage.

26. Both Trevor Sims and John Sonley claim financial interest in the remaining claim settlement owed under the Policy for the loss.

27. Both Sims and Sonley dispute the value of each co-claimant's financial interest in the Longacre property and thereby also dispute the apportionment of the resulting funds owed under the Policy.

28. Both Sims and Sonley dispute whether they received adequate funds individually under the sale Agreement.

29. Because of these disputes, Mount Vernon brings this action for Interpleader to avoid any further liability to any Defendant for any amount in excess of the contractual limits of coverage owed to them.

## **BASIS FOR RELIEF**

30. Mount Vernon hereby reasserts, restates, and reincorporates paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

31. Interpleader is proper under Iowa Rule of Trial Procedure 22, in that:

  a. Mount Vernon admits that a liability is owed under the Policy to at least one Defendant for the March 22, 2021 fire loss;

  b. Due to the nature of the underlying ownership dispute between Sims and Sonley, Mount Vernon may be exposed to multiple liabilities; and

  c. Mount Vernon is unable to apportion the contractually required coverage amongst the competing Defendants without a judicial determination.

32.     Within 30 days of this Court's order granting this Interpleader, Mount Vernon will deposit into the Court registry the amount of $236,000.31, representing the actual cash value of the Longacre property loss.

33.     The remaining recoverable depreciation of $221,411.52 will be payable upon completion of repairs to the Longacre property, pursuant to the Policy's terms and coverages, and apportioned to the Defendants per this Court's determination.

WHEREFORE, Plaintiff Mount Vernon Specialty Insurance Company prays that this Court accept its payment of $236,000.31 into the registry of the Court, make determination of the distribution of the policy proceeds amongst the respective claimants, and discharge Plaintiff Mount Vernon from any further obligations under its insurance policy, and for such other and further relief this Court deems necessary and proper under the circumstances.