IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MOUNT VERNON SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Cause No.: 1:23-cv-393 |
| v. | ) ) | |
| TREVOR WAYNE SIMS, SIMS INVESTMENTS, LLC, JOHN SONLEY, JPSONLEY INVESTMENTS, INC., and JACKSON COUNTY BANK | ) ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT FOR INTERPLEADER

COMES NOW Plaintiff, Mount Vernon Specialty Insurance Company, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 22 hereby states to this Honorable Court the following for its Complaint for Interpleader:

## PARTIES

1.      Plaintiff Mount Vernon Specialty Insurance Company (hereinafter "Mount Vernon") is an insurance company organized under the laws of Pennsylvania with its principal place of business in Lincoln, Nebraska and authorized to engage in the insurance business in the State of Indiana.

2.      Upon information and belief, Trevor Sims is an individual residing in Johnson County, Indiana. At all times relevant to this action, Trevor Sims held an interest in the Longacre Bar and Grill property as buyer and was the registered agent for Defendant Sims Investments, LLC.

3.      Defendant Sims Investments, LLC ("Sims Investments") is a limited liability company organized under the laws of Indiana. At all times relevant to this action, Sims Investments held an interest in the Longacre Bar and Grill property as named insured on a certain insurance policy issued by Mount Vernon.

4.      Upon information and belief, Defendant John Sonley ("Sonley") is an individual residing in Marion County, Indiana. At all times relevant to this action, Sonley held an interest in the Longacre Bar and Grill property as owner and/or seller and/or lessor.

5.      Defendant JPSonley Investments, Inc., ("JPSonley Investments") is a for-profit corporation organized under the laws of Indiana. At all times relevant to this action, JPSonley Investments held an interest in the Longacre Bar and Grill property as owner and/or seller and/or lessor.

6.      Defendant Jackson County Bank is a for-profit corporation organized under the laws of Indiana. At all times relevant to this action, Jackson County Bank held an interest in the Longacre Bar and Grill property as JPSonley's mortgagee.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because:

   a.      All adverse parties are citizens of different states, in that Mount Vernon is a citizen of both Pennsylvania and Nebraska, and all Defendants are citizens of Indiana; and,

   b.      The amount in controversy is in excess of $75,000 exclusive of interest and costs.

8.      Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## NATURE OF THE CONTROVERSY

9.      Mount Vernon hereby reasserts, restates, and reincorporates paragraphs one (1) through eight (8) as if fully set forth herein.

10.      On October 22, 2020, Trevor Sims and JP Sonley Investments entered into an Agreement for sale of the Longacre Bar and Grill ("the Longacre property"). A true and accurate copy of the Agreement is attached hereto as Exhibit 1.

11.      The Agreement specified that Sims would make monthly installment payments for the purchase of the Longacre property and its assets from JPSonley Investments.

12.      The total agreed-upon purchase price of the Longacre property was $590,000.00.

13.      Section 10 of the Agreement also included varying conditions associated with the monthly installment payments by Sims, including Sims's purchase of insurance on all assets sold and inclusion of JPSonley Investments and/or John Sonley as a named insured on all such insurance.

14.      Section 11 of the Agreement further required Sims to insure JPSonley Investments and/or John Sonley for liability.

15.      Both Trevor Sims and John Sonley signed the Agreement below the typed portion of the Agreement, including both Sections 10 and 11.

16.      However, beneath the typed portion of the Agreement is a handwritten addendum, which includes in relevant part:

"In the event of complete or partial loss to the property at 4813 S. Madison Ave. Both parties involved will be compensated for their loss due to the % of ownership at said time" [sic].

17.     Only John Sonley signed below said addendum; Trevor Sims's signature block is blank.

18.     On February 15, 2021, Mount Vernon issued Sims Investments an insurance Policy, policy number CP 2643249 ("the Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit 2.

19.     The Policy provided Sims Investments, as named insured, with coverages for Commercial Liability, Commercial Property, and Liquor Liability.

20.     However, despite the Agreement requiring Sims to add JPSonley Investments and/or John Sonley as an "Additional Insured" for both property and liability coverages until Sims paid the Longacre property's full purchase price, JPSonley Investments and Jackson County Bank were only listed as additional insureds for liability (both Commercial and Liquor). The policy's Commercial Property coverage does not list JPSonley Investments, John Sonley, or Jackson County Bank as additional insureds.

21.     On March 22, 2021, while said Policy was in full force and effect, the Longacre property suffered an electrical fire resulting in a significant loss.

22.     Trevor Sims reported the loss to Mount Vernon, and Mount Vernon accepted liability for the property damage following an investigation.

23.     Mount Vernon does not dispute coverage for the fire at the Longacre property.

24.     To date, Mount Vernon has made payments on the claim in the amount of $102,587.17. Specifically:

        a.      $35,000.00 in building advance payments;

      b.      $57,787.17 in supplemental building payments; and,

      c.      $10,000.00 in business personal property advance payments.

25.     All payments have been issued via check jointly to Sims, JPSonley, and Jackson County Bank.

26.     Additionally, Mount Vernon is prepared to issue $236,000.31 in supplemental actual cash value payments per the Policy's terms and coverages. Specifically:

      a.      $167,307.71 in building coverage payments; and,

      b.      $68,692.60 in building personal property coverage payments.

27.     Moreover, Mount Vernon acknowledges the availability of $221,411.52 in recoverable depreciation per the Policy's terms and coverages. These funds will be available once repairs to the Longacre and its attendant business personal property are completed. Specifically:

      a.      $140,105.12 in recoverable depreciation for building coverage; and,

      b.      $81,307.40 in recoverable depreciation for building personal property coverage.

28.     All Defendants claim financial interest in the remaining claim settlement owed under the Policy for the loss.

29.     All Defendants dispute the value of each Defendant's financial interest in the Longacre property and thereby also dispute the apportionment of the resulting funds owed under the Policy.

30.     Both Sims and Sonley dispute whether they received adequate funds for the subject loss under the sale Agreement.

31.     Because of these disputes, Mount Vernon brings this action to avoid any further liability to any Defendant for any amount in excess of the contractual limits of coverage owed to them.

## BASIS FOR RELIEF

32.     Mount Vernon hereby reasserts, restates, and reincorporates paragraphs one (1) through thirty-one (31) as if fully set forth herein.

33.     Under Fed. R. Civ. P. 22, a person or entity exposed to double or multiple liabilities on a single obligation or property may bring an action to settle the controversy and satisfy their obligations within one proceeding.

34.     Due to the nature of the underlying ownership dispute between Sims, Sims Investments, Sonley, JPSonley Investments, and Jackson County Bank, Mount Vernon is exposed to multiple liabilities.

35.     Mount Vernon is ready, willing, and able to pay the remaining sums due and owing under the policy totaling $236,000.31 (representing the actual cash value of the Longacre property loss).

36.     Mount Vernon is, however, unable to apportion the contractually required coverage amongst the competing Defendants without a judicial determination.

37.     Likewise, Mount Vernon is unable to apportion the recoverable depreciation of $221,411.52 among Defendants without a judicial determination, if and/or when it becomes payable upon completion of repairs to the Longacre property, pursuant to the Policy's terms and coverages.

38.     Mount Vernon is therefore exposed to double or multiple liabilities until which time the dispute between the various interest holders can be adjudicated and disbursed by the Court.

39.     Consequently, Mount Vernon files concurrently with this Complaint its Motion to Interplead Funds pursuant to Fed. R. Civ. P. 22.

40.     Within 30 days of this Court's order granting Mount Vernon's Motion to Interplead Funds, Mount Vernon will deposit into the Court's trust the amount of $236,000.31, representing the actual cash value of the Longacre property loss.

41.     The remaining recoverable depreciation of $221,411.52 will be payable upon completion of repairs to the Longacre property, pursuant to the Policy's terms and coverages, and apportioned to the Defendants per this Court's determination.

WHEREFORE, Plaintiff Mount Vernon Specialty Insurance Company prays that this Court make determination of the distribution of the policy proceeds amongst the respective claimants and discharge Plaintiff Mount Vernon from any further obligations under its insurance policy, and for such other and further relief this Court deems necessary and proper under the circumstances.

Dated:  **March 10, 2023**          Respectfully submitted,



_____
Ellen Jean Brooke          Bar No.: 58901MO
Rynearson, Suess, Schnurbusch
& Champion, LLC
500 N. Broadway, Suite 1550
(314) 421-4430
(314) 421-4431
ebrooke@rscsclaw.com

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned further certifies that on this 10th day of March, 2023, the foregoing was electronically filed with the Court to be served upon the following via the Courts electronic case filing system:

     /s/ Ellen J. Brooke