IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MOUNT VERNON SPECIALITY
INSURANCE COMPANY,
        Plaintiff,

vs.

TREVOR WAYNE SIMS;
SIMS INVESTMENTS, LLC;
JOHN SONLEY;
JP SONLEY INVESTMENTS, INC.; and
JACKSON COUNTY BANK,
        Defendants.

Case No.    1:23-cv-00393-TWP-MG

### DEFENDANT, JACKSON COUNTY BANK'S ANSWER TO FIRST AMENDED COMPLAINT FOR INTERPLEADER AND CROSS-CLAIM

Comes now Defendant, Jackson County Bank ("JCBank"), by counsel, and submits the following Answer to the First Amended Complaint for Interpleader (the "Complaint") of Plaintiff, Mount Vernon Specialty Insurance Company.

### PARTIES

1. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph one of Plaintiff's Complaint and, therefore, denies same.

2. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph two of Plaintiff's Complaint and, therefore, denies same.

3. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph three of Plaintiff's Complaint and, therefore, denies same.

1

4. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph four of Plaintiff's Complaint and, therefore, denies same.

5. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph five of Plaintiff's Complaint and, therefore, denies same.

6. JCBank admits the truth of the allegations contained in rhetorical paragraph six of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph seven of Plaintiff's Complaint and, therefore, denies same.

8. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph eight of Plaintiff's Complaint and, therefore, denies same.

## NATURE OF THE CONTROVERSY

9. JCBank reincorporates and alleges its responses to rhetorical paragraphs one through eight above as if more fully set forth herein.

10. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph ten of Plaintiff's Complaint and, therefore, denies same.

11. JCBank states that the terms of the Agreement speak for themselves, and JCBank, therefore, denies the truth of the allegations contained in rhetorical paragraph eleven of Plaintiff's Complaint.

12. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twelve of Plaintiff's Complaint and, therefore, denies same.

13. JCBank states that the terms of the Agreement speak for themselves, and JCBank, therefore, denies the truth of the allegations contained in rhetorical paragraph thirteen of Plaintiff's Complaint.

14. JCBank states that the terms of the Agreement speak for themselves, and JCBank, therefore, denies the truth of the allegations contained in rhetorical paragraph fourteen of Plaintiff's Complaint.

15. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph fifteen of Plaintiff's Complaint and, therefore, denies same.

16. JCBank states that the terms of the Agreement speak for themselves, and JCBank, therefore, denies the truth of the allegations contained in rhetorical paragraph sixteen of Plaintiff's Complaint.

17. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph seventeen of Plaintiff's Complaint and, therefore, denies same.

18. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph eighteen of Plaintiff's Complaint and, therefore, denies same.

19. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph nineteen of Plaintiff's Complaint and, therefore, denies same.

20. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty of Plaintiff's Complaint and, therefore, denies same.

21. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-one of Plaintiff's Complaint and, therefore, denies same.

22. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-two of Plaintiff's Complaint and, therefore, denies same.

23. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-three of Plaintiff's Complaint and, therefore, denies same.

24. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-four of Plaintiff's Complaint and, therefore, denies same.

25. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-five of Plaintiff's Complaint and, therefore, denies same.

26. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-six of Plaintiff's Complaint and, therefore, denies same.

27. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-seven of Plaintiff's Complaint and, therefore, denies same.

28. JCBank admits that it claims a financial interest in the remaining claim settlement owed under the Policy for the loss, but JCBank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph twenty-eight of Plaintiff's Complaint and, therefore, denies same.

29. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-nine of Plaintiff's Complaint and, therefore, denies same.

30. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirty of Plaintiff's Complaint and, therefore, denies same.

31. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirty-one of Plaintiff's Complaint and, therefore, denies same.

**BASIS FOR RELIEF**

32.     JCBank reincorporates and alleges its responses to rhetorical paragraphs one through thirty-one above as if more fully set forth herein.

33.     JCBank states that the terms of Fed. R. C. P. 22 speak for themselves and JCBank, therefore, denies the truth of the allegations contained in rhetorical paragraph thirty-three of Plaintiff's Complaint.

34.     JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirty-four of Plaintiff's Complaint and, therefore, denies same.

35.     JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirty-five of Plaintiff's Complaint and, therefore, denies same.

36.     JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirty-six of Plaintiff's Complaint and, therefore, denies same.

37.     JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirty-seven of Plaintiff's Complaint and, therefore, denies same.

38.     JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirty-eight of Plaintiff's Complaint and, therefore, denies same.

39. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirty-nine of Plaintiff's Complaint and, therefore, denies same.

40. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph forty of Plaintiff's Complaint and, therefore, denies same.

41. JCBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph forty-one of Plaintiff's Complaint and, therefore, denies same.

**WHEREFORE**, Defendant, Jackson County Bank, respectfully requests that Plaintiff, Mount Vernon Specialty Insurance Company, take nothing against JCBank, by way of its Complaint, that the Court determine that JCBank is entitled to the interpleaded funds, and for all other just and proper relief.

## GENERAL DENIAL

To the extent that Defendant, Jackson County Bank, has failed to respond to any allegation in Plaintiff's Complaint, it hereby denies same.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## CROSS-CLAIM

Comes now Defendant and Cross-claimant, Jackson County Bank ("JCBank"), by counsel, and for its Cross-claim against Defendants and Cross-claim Defendants, Trevor Wayne Sims, Sims Investments, LLC, John Sonley and JPSonley Investments, Inc., states as follows:

1. JCBank is an Indiana corporation and Indiana state chartered bank, with its principal place of business located in Seymour, Jackson County, Indiana.

2. Trevor Wayne Sims is, upon information and belief, a resident of Johnson County, Indiana.

3. Sims Investments, LLC is, upon information and belief, a limited liability company, organized under the laws of the State of Indiana, with its principal place of business located in Johnson County, Indiana.

4. John Sonley is, upon information and belief, a resident of Marion County, Indiana.

5. JPSonley Investments, Inc. is, upon information and belief, a corporation, organized under the laws of the State of Indiana, with its principal place of business located in Marion County, Indiana.

6. JCBank provided a mortgage loan to JPSonley Investments, Inc., which was secured by real estate owned by JPSonley Investments, Inc., located at 4813 South Madison Avenue, Indianapolis, Indiana (the "Real Estate").

7. Payment of the mortgage loan was secured by a Mortgage executed by JPSonley Investments, Inc. in favor of JCBank on or about September 5, 2018, with respect to the Real Estate (the "Mortgage"). The Mortgage was recorded in the Office of the Recorder of Marion County, Indiana, on September 25, 2018, as Instrument No. A201800098131. A true and accurate copy of the Mortgage is attached hereto as **Exhibit A**.

8. Payment of the mortgage loan was further secured by an Assignment of Rents and Income dated September 5, 2018 (the "Assignment"), in which JPSonley Investments, Inc. assigned the rents and income from the Real Estate to JCBank. The Assignment was recorded in

the Office of the Recorder of Marion County, Indiana, on September 25, 2018, as Instrument No. A201800098132.  A true and accurate copy of the Assignment is attached hereto as **Exhibit B**.

9.     Upon information and belief, on October 22, 2020, Trevor Wayne Sims, as buyer, and JPSonley Investments, Inc., as seller, entered into an Agreement for the sale of the Real Estate and the Longacre Bar and Grill located on the Real Estate.  A true and accurate copy of the Agreement is attached hereto as **Exhibit C**.

10.    On June 16, 2022, in Marion County, Indiana Superior Court, under Cause No. 49D04-2111-PL-037023, JPSonley Investments, Inc. obtained a default judgment against Trevor Wayne Sims for breach of the Agreement in the amount of $616,540.56.

11.    Pursuant to this Court's Order Granting Interpleader, dated March 27, 2023 (Docket No. 13), Plaintiff, Mount Vernon Specialty Insurance Company, interpleaded the sum of $236,000.31 to the Clerk of this Court (the "Interpleaded Funds"), which constitutes insurance proceeds payable as a result of damage to the Real Estate.

12.    JPSonley Investments, Inc. has an interest in the Interpleaded Funds, either pursuant to (a) the insurance policy maintained by Plaintiff, Mount Vernon Specialty Insurance Company, attached as Exhibit 2 to Plaintiff's First Amended Complaint for Interpleader (Docket No. 7), (b) Section 10 of the Agreement between JPSonley Investments, Inc. and Trevor Wayne Sims, and/or (c) rights to execute against the Interpleaded Funds as a result of the judgment against Trevor Wayne Sims, pursuant to Indiana Code 34-55 *et seq.*

13.    The Assignment provided by JPSonley Investments, Inc., as assignor, to JCBank, as assignee, provides, in pertinent part, as follows:

> **NOW, THEREFORE, FOR VALUE RECEIVED**, Assignor hereby grants a security interest in, transfers, and assigns to Assignee:

Case 1:23-cv-00393-TWP-MG   Document 29   Filed 06/05/23   Page 10 of 11 PageID #: 95

(1) the immediate and continuing right to receive and collect the rents, income, profits, and issues arising out of, payable from or collected from the Premises and the conduct of Assignor's business including all monies owed Assignor pursuant to any income producing agreement (collectively, the "Income");

(2) all Agreements resulting from leasing, subleasing, use, or occupancy of the Premises now, heretofore or hereafter entered into, and all renewals and extensions thereof;

………

(4) all payments derived therefrom including but not limited to claims for the recovery of damages to the Premises or for the abatement of any nuisance existing thereon, claims for damages resulting from any defaults, whether resulting from acts of insolvency or acts of bankruptcy or otherwise, and lump sum payments from any source or the waiver of any obligation or term thereof prior to the expiration date ("Payments");

(5) all rights and remedies Assignor may have ("Remedies");

………

(7) all rights in and to any proceeds of insurance payable to Assignor and damages or awards resulting from an authority exercising the rights of eminent domain with respect to the Premises ("Awards");

……….; and

(9) any payments made to Assignor in lieu of moneys due ("Payments In Lieu").

14. Pursuant to the foregoing language of the Assignment, JCBank has a lien and security interest in JPSonley Investments, Inc.'s interest in the Interpleaded Funds.

15. JCBank's lien on the Interpleaded Funds as a result of the Assignment is superior to all liens, claims, or interests of all Cross-Claim Defendants in the Interpleaded Funds, and JCBank is entitled to the immediate possession of the Interpleaded Funds.

**WHEREFORE**, Cross-Claimant, Jackson County Bank, requests a judgment granting JCBank immediate possession of the Interpleaded Funds and all other just and proper relief.

*/s/ William M. Braman*
_____
William M. Braman, #15124-47
LORENZO BEVERS BRAMAN & CONNELL
Attorney for Jackson County Bank
218 West Second Street
Seymour, Indiana 47274
812-524-9000
Braman.William@outlook.com

10

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was E-filed via Odyssey and served on the following counsel of record, at their email addresses of record on this 5th day of June, 2023, Robert W. McNevin, Jr., counsel for John Sonley and JPSonley Investments, and Ellen J. Brooke, counsel Plaintiff.  I further certify that the above and foregoing pleading was served upon Defendants, Trevor Wayne Sims and Sims Investments, LLC, 3862 Chelsea Terrace, Greenwood, IN 46143, by first class, United States mail, postage prepaid, this 5th day of June, 2023.

*/s/ William M. Braman*

_____

William M. Braman